

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| AUGUSTIN GALINDO (HURTADO), | ) | Docket No.: 2016-02-0223 |
| Employee, | ) | |
| v. | ) | State File No.: 3199-2016 |
| NETO'S DRYWALL, LLC, | ) | |
| Self-Insured Employer. | ) | Judge Pamela B. Johnson |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
### (Decision on the Record)

This matter came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Augustin Galindo. Neto's Drywall, LLC did not file a Response. The Court found it needed no additional information to determine whether Mr. Galindo is likely to prevail at a hearing on the merits and elected to decide the issues upon a review of the written materials and without an evidentiary hearing. The Court issued a Docketing Notice on April 13, 2017, listing the documents to be considered. The Court gave Mr. Galindo and Neto's Drywall until April 25, 2017, to file objections and/or position statements. Neither Mr. Galindo nor Neto's Drywall filed objections or position statements.

The central legal issue is whether Mr. Galindo is likely to prevail at a hearing on the merits on entitlement to medical and temporary total disability benefits. For the reasons set forth below, the Court holds Mr. Galindo came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits. Accordingly, this Court concludes Mr. Galindo is entitled to the requested benefits.

### History of Claim

A review of the written materials revealed the following facts. Mr. Galindo is a twenty-eight-year-old resident of Washington County, Tennessee. Ernesto Reyes Moto, owner of Neto's Drywall, employed Mr. Galindo as a drywall installer.

1

On February 3, 2016, while installing drywall at a Neto's Drywall jobsite, Mr. Galindo fell from a ladder, landed on the side of a bathtub, and sustained injury to his head and right side. At the time of the incident, Mr. Galindo stated he called out for help, but no one was around. Due to the immediate onset of pain, Mr. Galindo called his brother, who was working at the same jobsite, for help. Mr. Galindo's brother transported Mr. Galindo to Johnson City Medical Center for emergent care. The hospital listed his chief complaint as "fall from ladder." Following various diagnostic and laboratory testing, the attending physician, Dr. Garik T. Misenar, diagnosed a chest contusion and discharged Mr. Galindo with instructions to remain off work for two days. Mr. Galindo received a bill from Johnson City Medical Center for $10,144.00 for his February 3 admission.

The following day, Shawn Jones completed an incident report. The report listed Mr. Galindo's supervisor as Gerardo Galindo and documented details of Mr. Galindo's fall from a stepladder onto a bathtub with injury to the right side of his rib cage. The incident reported listed Mr. Galindo's supervisor as Gerardo Galindo. It is unclear from the record whether Gerardo Galindo is Augustin Galindo's brother, who transported him to the hospital. Mr. Galindo returned to work on light duty on February 8. Neto's Drywall paid Mr. Galindo for the day of the incident and the two days he remained off work following the incident.

Mr. Galindo filed a Petition for Benefit Determination (PBD) on May 2, 2016, seeking workers' compensation benefits for an injury sustained to his rib cage on February 3. The PBD noted Neto's Drywall did not have workers' compensation insurance coverage. The parties did not resolve the disputed issues through mediation, so the Mediator issued a Dispute Certification Notice (DCN) on July 15. Following a Show Cause Hearing, Mr. Galindo filed a Request for Expedited Hearing (REH), seeking payment of his medical bills.

Because Neto's Drywall did not carry workers' compensation insurance, the Bureau received an Expedited Request for Investigation. The investigator noted Mr. Galindo suffered a February 3, 2016 injury, primarily within the course and scope of his employment for Neto's Drywall, which was uninsured since January 13, 2015. The investigator additionally noted Mr. Galindo notified the Bureau of the injury and Neto's Drywall's failure to secure workers' compensation insurance coverage when he filed his PBD on May 2, 2016. After interviewing Mr. Galindo and Mr. Reyes, the investigator confirmed the details of Mr. Galindo's work incident, medical treatment, report of injury, and subsequent return to work. The investigator further noted: Neto's Drywall determines the scope of the work and the work schedule; Mr. Galindo did not have the right of termination or the freedom to select and hire helpers; Neto's Drywall paid Mr. Galindo in cash but did not provide the tools for the work; and there was no freedom to offer services to other entities.

## Findings of Fact and Conclusions of Law

In order to grant Mr. Galindo the relief he seeks, the Court must apply the following legal principles. Mr. Galindo bears the burden of proof on all elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2016). However, he need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7- 9 (Mar. 27, 2015). Instead, at an Expedited Hearing, Mr. Galindo has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*

### *Employment Relationship*

In order to grant benefits to Mr. Galindo, the Court must first determine whether an employment relationship existed between the parties. The Workers' Compensation Law sets forth certain factors that the Court must consider in determining whether an employment relationship exists. The factors include: the right to control the conduct of the work, the right of termination, the method of payment, the freedom to select and hire helpers, the furnishing of tools and equipment, self-scheduling of working hours, and the freedom to offer services to other entities. Tenn. Code Ann. § 50-6-102(12)(D)(i) (2016).

The investigator's report revealed Neto's Drywall determined the scope of the work and the work schedule; Mr. Galindo did not have the right of termination or the freedom to select and hire helpers; Neto's Drywall paid Mr. Galindo in cash but did not provide the tools for the work; and there was no freedom to offer services to other entities. Based on the Bureau's report, the Court concludes Mr. Galindo came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits in establishing he was an employee of Neto's Drywall.

### *Injury*

After establishing an employment relationship existed, the Court must next determine whether Mr. Galindo sustained an injury as defined by the Workers' Compensation Law. An injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14). Further, an injury is "accidental" only if caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14)(A).

Here, Mr. Reyes told the Bureau investigator that Mr. Galindo was installing drywall when he fell off the ladder on February 3, 2016. Both Mr. Galindo and Mr. Reyes described in detail how the injury occurred. Again, based on the statements of Mr. Reyes and Mr. Galindo along with Mr. Galindo's affidavit, the Court holds Mr. Galindo

3

came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that he sustained an injury arising primarily out of and in the course and scope of his employment.

*Medical Benefits*

Turning to the requested medical benefits, the Workers' Compensation Law provides, "The employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016); *see also Id.* at 50-6-204(b)(1). Further, "The injured employee shall accept the medical benefits afforded . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community . . . from which the injured employee shall select one (1) to be the treating physician." *Id.* at 50-6-204(a)(3). Conversely, an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner. *McCord,* 2015 TN Wrk. Comp App Bd. LEXIS at *10.

Here, Neto's Drywall did not provide Mr. Galindo with medical benefits as required by section 50-6-204(a)(1)(A). Moreover, Neto's Drywall did not provide Mr. Galindo with a panel of physicians as required by section 50-6-204(b)(1). Accordingly, this Court concludes Mr. Galindo came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits on his entitlement to past medical expenses and entitlement to a panel of physicians. Therefore, this Court holds Neto's Drywall is responsible for payment of the Johnson City Medical Center bill for $10,144.00. Additionally, Neto's Drywall shall provide Mr. Galindo with a panel of physicians as required by section 50-6-204(b)(1).

*Temporary Disability Benefits*

In addition to medical benefits, Mr. Galindo seeks temporary disability benefits. An injured employee is eligible for temporary disability benefits if: (1) the injured employee became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and the inability to work; and (3) the injured employee established the duration of the period of disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

In the present case, the record reflects the Johnson City Medical Center attending physician, Dr. Misenar, discharged Mr. Galindo with instructions to remain off work for

4

two days. The record further reflects Neto's Drywall paid Mr. Galindo for the day of injury as well as the two days he remained off work. Moreover, Mr. Galindo returned to work on February 8, fewer than seven days following the work injury. An injured employee is not entitled to disability benefits during the first seven days of disability resulting from the work injury, excluding the date of injury. Tenn. Code Ann. § 50-6-205(a). Therefore, at this time, the Court concludes Mr. Galindo did not come forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits on his entitlement to temporary disability benefits.

### *Entitlement to Payment of Benefits from Uninsured Employers Fund*

Although this Court holds Neto's Drywall must provide Mr. Galindo with past and ongoing medical benefits, it is unclear whether payment will be forthcoming since Neto's Drywall did not have workers' compensation insurance on the date of injury and it has not participated in the litigation of this claim. However, under section 50-6-802(e)(1), the Bureau has discretion to pay limited temporary disability and medical benefits to "any employee who suffered an injury arising primarily within the course and scope of the employee's employment with an employer who failed to secure the payment of compensation at the time the eligible employee suffered the injury." Tenn. Code Ann. § 50-6-801(d).

To be eligible for payments from the Bureau, the employee must satisfy the following criteria:

1. The employee was employed by an employer who failed to secure payment of compensation;

2. The employee suffered an injury on or after July 1, 2015, primarily within the course and scope of employment, at a time when the employer had failed to secure the payment of compensation;

3. The employee was a Tennessee resident on the date of injury; and

4. The employee provided notice to the Bureau of the injury and of the failure of the employer to secure the payment of compensation within a reasonable period of time, but in no event more than sixty days, after the date of the injury.

*Id.* at § 50-6-801(d)(1)-(4).

Based upon the Bureau's Expedited Request for Investigation report, the Court finds as follows:

1. Mr. Galindo was employed by Neto's Drywall, which failed to carry workers'

5

compensation insurance;

2. Mr. Galindo suffered an injury on or after July 1, 2015, primarily within the course and scope of employment, at a time when Neto's Drywall failed to secure the payment of compensation;

3. Mr. Galindo was a Tennessee resident on February 3, 2016, the date of the injury; and,

4. Mr. Galindo provided notice to the Bureau of the injury and of the failure of Neto's Drywall to secure the payment of compensation within a reasonable period of time, but later than sixty days after the date of injury.

Based upon the record before it at this time, this Court holds Mr. Galindo failed to come forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits in satisfying the notice requirement of section 50-6-801(d)(4). Accordingly, the Court holds Mr. Galindo is not eligible to receive medical benefits from the Uninsured Employers Fund at this time. This Order shall not prohibit Mr. Galindo from filing a new Expedited Hearing should he wish to submit additional documentation or evidence establishing the notice requirement for eligibility of benefits from the Uninsured Employers Fund.

**IT IS, THEREFORE, ORDERED** as follows:

1. Neto's Drywall shall pay Johnson City Medical Center the amount of $10,144.00 for Mr. Galindo's February 3, 2016 treatment. Additionally, Neto's Drywall shall provide Mr. Galindo with a panel of physicians as required by section 50-6-204(b)(1).

2. Mr. Galindo is not entitled to temporary disability benefits at this time.

3. Mr. Galindo is not eligible to receive medical benefits from the Uninsured Employer's Fund at this time.

4. This matter is set for a Scheduling Hearing on **June 29, 2017**, at **10:30 a.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of

compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 10th day of May, 2017.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

### APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
2. Dispute Certification Notice issued July 15, 2016, with attachments (50 pages) including:
   - Johnson City Medical Center Medical Bill for admission date February 3, 2016
   - Incident/Accident Report Form
   - JCMC Discharge Instructions
   - JCMC Emergency Department Return to Work Release
   - Mountain States Health Alliance Authorization for Release of Medical Information and Medical Records
3. Show Cause Order, filed October 19, 2016
4. Expedited Request for Investigation Report, filed October 27, 2016
5. Order Quashing Dispute Certification Notice and Referral to Mediation, Issued November 4, 2016
6. Dispute Certification Notice, filed November 18, 2016, with *duplicate* attachments (61 pages)
7. Request for Expedited Hearing, filed December 19, 2016
8. Affidavit, filed February 16, 2017
9. Docketing Notice for a Decision on the Record, filed April 13, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of May, 2017.

| Name | Certified and Regular Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Augustin Galindo Self-Represented Employee | X | | X | Augustin Galindo 1810 Unaka Avenue Johnson City, TN 37601 esmeCig1@gmail.com |
| Neto's Drywall, LLC, Self-Represented Employer | X | | | Ernesto Reyes Mota Neto's Drywall, LLC 41 Goose Creek Road Swannanoa, NC 28778 |

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov